## Toth v. South Huntingdon Township Supervisors

*Pollins & Pollins*, for plaintiff.

*Frederick T. Seymour* and *Daniel J. Snyder*, for defendants.

McCormick, J., December 19, 1966.—This case is before the court en banc by virtue of preliminary objections filed by defendant supervisors of South Huntingdon Township to a complaint in mandamus filed by plaintiff, Alfred S. Toth, the former Chief of Police of South Huntingdon Township, seeking reinstatement to his position and back pay.

The facts, as alleged in the complaint, are that South Huntingdon Township is a second class township. About October 16, 1951, plaintiff entered into the employ of defendant township on the police force, which was constituted of two men, and was duly appointed Chief of Police of South Huntingdon Township.

On January 3, 1966, the township supervisors, at a regularly convened meeting, passed resolution number 27, which:

(1) Abolished the police force "for want of need for same, and lack of funds";

(2) Directed notice to residents by news media;

(3) Directed storage of police car in the township building pending disposal by the supervisors;

(4) Directed contact be made with the Auditor General of Pennsylvania regarding the disposition of the police pension fund.

The complaint sets forth that the police force was composed of two men; the chief and one patrolman. The complaint then charges that the action of abolishing the police force was unreasonable, capricious, malicious and vindictive and was consciously done in bad faith against the known interests of the residents of the township. It was averred that the township was capable of maintaining a police force and paying plaintiff's salary and that, therefore, the firing was illegal.

In addition, in the second count, plaintiff averred that as he was taking municipal liens to the squire's office, he was injured by tripping over a pile of cinders, disabling him to the extent that he has been receiving workmen's compensation. He claims he made tender of these checks to the township officials and demanded his full pay under the provisions of the Act of June 28, 1935, P. L. 477, sec. 1, as amended by the Act of May 14, 1937, P. L. 632, 53 PS §637, but the township refused to pay him when he made this tender.

Defendant filed a preliminary objection to the first count, setting forth that:

(1) The abolishment and discontinuance of the police force under law was discretionary with the supervisors and that thus, plaintiff had no cause of action;

(2) Plaintiff in any event was not entitled to a mandamus.

To the second count, defendant filed a demurrer that plaintiff:

(1) Had stated no cause of action.

(2) Mandamus would not lie.

Both defendant and plaintiff have filed briefs supporting their contentions.

The brief as filed by plaintiff, supporting his contention of the laws applicable to this matter, relies on

section 3 of the Police Tenure Act of June 15, 1951, P. L. 586, which reenacts provisions of the Police Civil Service Act involving the removal of a policeman. Section 3 of the act reads as follows:

"Reduction in Number of Police—.If, for reasons of economy or other reasons, it shall be deemed necessary by any township of the second class, or any borough or township of the first class within the scope of this act, to reduce the number of paid employes of the police department, then such political subdivision shall apply the following procedure: (a) If there are any employes eligible for retirement under the terms of any retirement or pension law, then such reduction in numbers shall be made by retirement, if the party to be retired is sixty-five years of age or over; (b) If the number of paid employes in the police force eligible to retirement is sufficient to effect the necessary reduction in number, or if there are no persons eligible for retirement, or if no retirement or pension fund exists, then the reduction shall be effected by furloughing the man or men, including probationers, last appointed to said police force. Such removal shall be accomplished by furloughing in numerical order, commencing with the man last appointed, until such reduction shall have been accomplished. In the event the said police force shall again be increased, the employes furloughed shall be reinstated in the order of their seniority in the service".

Counsel for plaintiff further asserts that plaintiff Alfred S. Toth has been neither dismissed nor furloughed, although it appears to him that the procedure under section 813 would have been the correct procedure in this case.

This court is of the opinion that section 813 of 53 Purdon's Statutes is not applicable in this matter. Section 813 appears under article IX and is captioned Removal of Policemen in Certain Boroughs and Town-

ships. The case before us is not a matter of a removal or reduction in the number of policemen in the township force, but rather, it is one involving the total abolition of the police force. Here, the township supervisors at a regularly convened meeting acted upon a resolution abolishing completely the police force and recommending certain procedures to be followed in disposing of the police car and the police pension fund. It is not within the purview of this court to delve into the action of the supervisors in the abolishment of the police force. The reasons behind the abolishing of the police force are not before this court at this time.

It is also this court's opinion that section 813 and its procedure is only applicable where there is a necessity to reduce the number of paid employes of the police department, as is stated in the act set forth. Such removal shall be accomplished by furloughing in numerical order commencing with the man last appointed until such *reduction* shall have been accomplished. In the matter before us, we can not talk or discuss the procedure to be followed in the reduction of the police force, since the township supervisors have decided by appropriate measures that the entire police department shall be abolished. There cannot be any furloughing or removal of policemen, comprising the township police force, since there is nothing left to be furloughed from. However, it is the feeling of this court that in the event said police force of South Huntingdon Township shall again be created, the employes who comprise this police force at the time of its abolition shall be reinstated in the order of their seniority and service.

The second count of the preliminary objections filed by defendant supervisors of South Huntingdon Township raising the question of the propriety of the action brought is without merit. Defendant supervisors, through their counsel, allege that the action of mandamus is, under the circumstances, inappropriate and

not the proper legal action to recover disability payments under legislative authority. A review of the law relative to this matter does not preclude the action of mandamus under the circumstances now before the court. We find nothing to compel plaintiff to abandon the legal remedy he has chosen to pursue. Therefore, we enter the following:

### DECREE

And now, to wit, December 19, 1966, after due and careful consideration of the briefs filed in this matter, it is hereby ordered that the preliminary objection, as raised in the first count, alleging that plaintiff has failed to allege any legal cause of action against defendants upon which he is entitled to recover, is hereby sustained. It is also hereby ordered that the second count, as raised by the preliminary objections of defendant supervisors, raising the question of the inappropriate and improper legal action, is hereby dismissed and denied. Defendant supervisors of South Huntingdon Township are given 20 days in which to file an answer to the complaint against them in the above captioned case, as is set forth only in the second count.